UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TWG LIMITED, LLC,

                              Plaintiff,

            -v-

CKR LAW, LLP,

                             Defendant.

23 Civ. 7798 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On September 6, 2023, plaintiff filed the petition to compel arbitration in this case. Dkt. 3. On April 10, 2024, plaintiff filed an amended petition. Dkt. 31 ("Am. Pet."). In the amended petition, plaintiff invokes the district court's subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides for jurisdiction over disputes between "citizens of different states." For diversity purposes, a limited liability company "takes the citizenship of each of its members," *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48–49 (2d Cir. 2012), and a limited liability partnership takes the citizenship of each of its general and limited partners, *see Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Plaintiff alleges that TWG Limited d/b/a Locol Love ("TWG") "is a Colorado limited liability company with its principal place of business located . . . [in] Colorado," Am. Pet. ¶ 1, and that defendant CKR Law, LLP ("CKR") "is a limited liability partnership formed under the laws of the State of California" and its "primary offices are located in New York, New York," *id.* ¶ 2. Plaintiff does not identify the members of TWG or the partners of CKR, nor does it allege the citizenship of those members or partners.

The Court has an "independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Although this case concerns the arbitrability of a dispute between TWG and CKR, the Federal Arbitration Act does not alone confer subject-matter jurisdiction. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009). Accordingly, the Court directs plaintiff to submit a letter brief not to exceed two pages addressing this issue by October 23, 2024. In particular, plaintiff should state its position as to whether dismissal is required because the pleadings in this case do not adequately allege a basis for the district court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff should also indicate whether it intends to seek leave to amend its jurisdictional allegations under 28 U.S.C. § 1653, or to dismiss its claims as against CKR.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 17, 2024
    New York, New York